# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:21-cr-068
                                           Also Case No. 3:24-cv-193

                                                    District Judge Walter H. Rice
-  vs  -                                           Magistrate Judge Michael R. Merz

DAVID CARTER,

        Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 51). Upon initial review, the undersigned recommended that the Motion be denied because it was barred by the statute of limitations (Report, ECF No. 54). Defendant has objected (ECF No. 56) and Judge Rice has recommitted the case for consideration of the Objections (ECF No. 57).

      Defendant does not deny any of the critical facts in the Report: Defendant pleaded guilty, was sentenced on September 7, 2022, and did not appeal; his time to do so expired October 7, 2022, and the one-year statute of limitations enacted by the Antiterrorism and Effective Death

1

Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") began to run on that date, expiring October 7, 2023. Defendant's Motion to Vacate was filed[1] July 7, 2024.

Defendant does not dispute any of these dates. Instead, he disputes the Report's conclusion that no reasonable jurist would disagree that the Motion is time-barred.

> For any jurist to allow an individual to be prosecuted pursuant to the wrong statute and/or an improper term of imprisonment would violate the defendant's constitutional right to fairness. No reasonable jurist equipped with the knowledge of an improper statute or term of imprisonment would willfully accept or affirm that a defendant's constitutional right be violated.

(Objections, ECF No. 56, PageID 293).

Defendant Carter was arrested on a warrant issued by Magistrate Judge Sharon L. Ovington on March 9, 2021 (ECF No. 2) and immediately appointed experienced defense counsel, Cheryll Bennett, as his attorney. He waived his right to indictment and the United States Attorney filed an Information charging him with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using, carrying, and brandishing a firearm in the course of that robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii)(ECF No. 21). On July 14, 2021, he entered into a Plea Agreement with the United States under which he agreed to plead guilty to both counts of the Information (ECF No. 26). After a presentence investigation by the Probation Department, Judge Rice sentenced Carter to the 100-month sentence he is now serving (ECF No. 48). As noted in the original Report, he did not appeal, but eventually filed the instant Motion to Vacate.

To avoid the bar of the statute of limitations, Carter asserts he is ignorant of the law of the statute of limitations and law generally. However, the Sixth Circuit has held ignorance of the law does not amount to grounds for equitable tolling, the only basis on which the Court could

---

[1] Defendant is entitled to the benefit of the prison mailbox rule which counts the date of placing a pleading in the prison mailing system as the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988)).

retroactively extend his time to file. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004)(holding the statute itself gives notice of when it begins to run). The same is true of the statute of limitations in question here, 28 U.S.C. § 2255(f): at the conclusion of direct review.

Carter also seeks equitable tolling based on his lack of learning in the law and lack of access to legal materials. But in that respect he is in exactly the same position as anyone else who could file a § 2255 motion. His claim of lack of access to legal materials is belied by the content of his Motion to Vacate in which he cites no fewer than twenty-nine sources of federal law, including Supreme Court and circuit court case law, Federal Jury Instructions, and LaFave on Substantive Criminal Law.

The Objections have the tone of someone done a great injustice whose relief is barred by a mere technicality of being untimely. In his Motion to Vacate he asserts only one ground for relief, to wit, he received ineffective assistance of trial counsel (ECF No. 51, PageID 263). But he asserts many sub-claims purporting to show Attorney Bennett's deficient performance.

He asserts she did not advise him to appeal[2], but he sets forth no obvious grounds on which an appeal would have been successful. In particular, his claim that a Hobbs Act robbery cannot support a conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is belied by precedent. Hobbs Act robbery is categorically a crime of violence within the meaning of 18 U.S.C. § 924(c). *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), followed in *United States v. Carpenter*, 2018 U.S. Dist. LEXIS 72821 (S.D. Ohio May 1, 2018). Other circuits have unanimously held the same.

He asserts Attorney Bennett did not properly represent him in the plea negotiation process. This ignores the fact that he was sentenced very leniently. He received the mandatory minimum eight-four months (seven years) for the firearm offense, which is required to be served

---

[2] He does not claim that he instructed her to file an appeal.

3

consecutively. For the Hobbs Act violation, which carries a maximum sentence of twenty years, he received only sixteen months. The advisory guideline range for the Hobbs Act robbery was sixty-three to seventy-eight months. The Probation Department recommended a downward departure to thirty-six months, but Judge Rice departed by more than fifty per cent more to sixteen months, a very good result.

Carter claims the 100-month sentence is unjustified because he alleges he "has absolutely NO criminal history, misdemeanor or felony, for the District Court to utilize as a solidifying attribute for a 100-month term of imprisonment." (Motion, ECF No. 51, PageID 282, emphasis sic). This assertion is rebutted by the Presentence Investigation Report which notes a 2021 conviction in the Montgomery County Common Pleas Court for carrying a concealed weapon and Carter's admission to the police upon arrest that he had robbed the same Dollar General store at gunpoint four times in the month prior to his arrest. Carter argues that if Attorney Bennett had provided effective assistance he would have faced "possibly a sixty-month term of imprisonment." *Id.* at PageID 283. A five year sentence would have warranted reversal on appeal for failure to impose the mandatory minimum on Count Two.

In sum, Defendant has not even begun to show deficient performance and prejudice as required to show ineffective assistance of trial counsel under *Strickland v. Washington,* 466 U.S. 668 (1984). Therefore denying his Motion to Vacate as barred by the statute of limitations will not leave a manifest injustice uncorrected on the basis of a procedural technicality. The Court should overrule Defendant's Objections and deny the Motion to Vacate.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma*

*pauperis*. The Magistrate Judge made this same recommendation in the original Report. Defendant objected because he claimed no reasonable jurist would allow a statute of limitations to prevent review of the merits of his Motion to Vacate. But there is no exception to the statute of limitations for very meritorious motions to vacate and that is the proposition with which reasonable jurists would not disagree.

July 31, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge