IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,

    Plaintiff/Respondent

        v.

DAVID CARTER,

    Defendant/Movant.

      :

      :    Case Nos. 3:21-cr-68

           Judge Walter H. Rice

      :    Magistrate Judge Michael R. Merz

      :

      :

ENTRY ADOPTING INITIAL AND SUPPLEMENTAL REPORTS AND
RECOMMENDATIONS (DOCS. #54, 58), OVERRULING OBJECTIONS THERETO
(DOCS. #56, 59), AND OVERRULING MOTION TO VACATE CONVICTION
PURSUANT TO 28 U.S.C. § 2255 (DOC. #51); JUDGMENT TO BE ENTERED IN
FAVOR OF PLAINTIFF/RESPONDENT UNITED STATES OF AMERICA AND
AGAINST DEFENDANT/PETITIONER DAVID CARTER; PETITIONER IS DENIED A
CERTIFICATE OF APPEALABILITY AND SHOULD NOT BE PERMITTED TO
PROCEED ON APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

    *Pro Se* Defendant/Movant David Carter has filed a Motion to Vacate his

Conviction pursuant to 28 U.S.C. § 2255. (Motion, Doc. #51). Pursuant to 28

U.S.C. § 636(b) and General Order Day No. 22-01, the matter was referred to

Magistrate Judge Michael R. Merz for a Report and Recommendations, which the

Magistrate Judge filed on July 11, 2024. (Initial Report, Doc. #54). Petitioner

filed Objections (Doc. #56), and the undersigned recommitted the matter to the

Magistrate Judge (Recommittal Order, Doc. #57), who on August 1, 2024, issued

a Supplemental Report and Recommendations (Doc. #58), to which Petitioner again objected.  (Supp. Objections, Doc. # 59).  For the reasons set forth below, the Court ADOPTS the Initial and Supplemental Reports, OVERRULES the Objections thereto, and OVERRULES the Motion.

## I.    Factual Background and Procedural History

On September 7, 2022, pursuant to a Plea Agreement (Doc. #26), Defendant was convicted of one count of Interference with Commerce by Threats of Violence  ("Hobbs Act robbery," Count One of Complaint) and one count of Using and Carrying a Firearm During and in Relation to a Crime of Violence (Count Two), (Judgment, Doc. #49, PAGEID 247, citing 18 U.S.C. §§ 924(c)(1)(A)(ii), 1951(a)), and was sentenced to sixteen months imprisonment for Count One and an eighty-four month mandatory minimum sentence for Count Two, to be served consecutively to Count One.  (Id. at PAGEID 248).  Defendant did not appeal the judgment, but instead filed the instant Motion on July 8, 2024, raising a single claim of ineffective assistance of trial counsel.  (Doc. #51, PAGEID 263). Defendant argues that counsel did not adequately represent him in the time leading up to his accepting the Plea Agreement and, "in effect, abandoned Mr. Carter" after convincing him to accept it.  (Id. at PAGEID 270-71, citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)).  Specifically, Defendant claims that counsel was deficient in not moving to dismiss the charges against him because, he asserts, he could not have satisfied the elements of Hobbs Act robbery, and in light of the

2

Supreme Court's recent jurisprudence, Hobbs Act robbery is no longer a categorical crime of violence under the Armed Career Criminal Act of 1984 ("ACCA"), making both Counts One and Two legally baseless. (*Id.* at PAGEID 272-74, citing 18 U.S.C. § 1951(a); *Johnson v. United States*, 574 U.S. 1069 (2015) ("*Johnson II*"), *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*")). Moreover, Defendant argues that his counsel had an undisclosed conflict of interest (never specified by Defendant) that prevented her from properly advising him, and hence, confidence in the judgment against him was undermined. (*Id.* at PAGEID 280-81, citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Defendant claims that, had counsel performed effectively and advised him that district courts often exercise leniency toward people like him "with little to no criminal history[,]" he would have declined to accept the Plea Agreement. (*Id.* at PAGEID 282-83). Consequently, Defendant argues, his sentence was imposed "in violation of the Constitution " and must be vacated. (*Id.* at PAGEID 283, quoting 28 U.S.C. § 2255(a)).

In the Initial Report, the Magistrate Judge concluded that: (1) the one-year statute of limitations began to run on October 7, 2022, when Defendant's time to appeal expired without an appeal filed and the judgment against him became final, and (2) the statute of limitations itself expired one year thereafter on October 7, 2023. (Doc. #54, PAGEID 290, citing 28 U.S.C. § 2255(f)(1)). As the Motion was not filed until July 2024, the Magistrate Judge recommended that it be

3

dismissed with prejudice as barred by the statute of limitations.  (*Id*. at PAGEID

290-91).  In the Initial Objections, Defendant argued that the statute of limitations

should be excused because, as a *pro se* litigant, he was unaware of the statute,

and COVID-19 lockdowns and staffing shortages at his prison facility have

hindered his access to the library and, consequently, his ability to prepare his

Motion. (Doc. #56, PAGEID 292-93).

 In the Supplemental Report, the Magistrate Judge notes that ignorance of a

statute of limitations is not a basis for equitable tolling, and concludes that there is

no other basis under which to toll the statute.  (Doc. #58, PAGEID 298-99, citing

*Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).[1]  The Magistrate Judge

reasons that Defendant's basis for his conviction being legally erroneous is

unfounded, as courts have held, even post-*Johnson II*, that completed Hobbs Act

robbery is categorically a crime of violence.  (*Id*. at PAGEID 299, citing *United*

*States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Carpenter*, No.

1:15-cr-26, 2018 WL 2020746, *3 (S.D. Ohio May 1, 2018) (Merz, Mag. J.),

*report and recommendations adopted at* 2018 WL 3430561 (S.D. Ohio Jul. 17,

2018) (Dlott, J.)).  Finally, the Magistrate Judge concluded that Defendant's

inadequate assistance claim with respect to accepting the Plea Agreement is

unfounded, given that he received a significant downward departure from the

---

[1] The *Allen* Court was interpreting 28 U.S.C. § 2244(d)(1), the statute of limitations for petitions for writs of *habeas corpus* under 28 U.S.C. § 2254.  However, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, amended the statute of limitations identically for *habeas corpus* petitions and 28 U.S.C. § 2255 motions.

United States Sentencing Guidelines range on Count One and was subject to an eighty-four month mandatory minimum on Count Two, which had to be served consecutively to his sentence for Count One. (*Id*. at PAGEID 299-300). Consequently, as Defendant has failed to establish the prejudice prong under *Strickland*, his Motion is unavailing even if it were considered timely. (*Id*. at PAGEID 300).

In the Supplemental Objections, Defendant appears to argue that the United States Court of Appeals for the Sixth Circuit's strict application of the statute of limitations with respect to 28 U.S.C. §§ 2254-55 petitions and motions violates the Supreme Court's edict that *pro se* litigants be held to less stringent standards than counsel in their filings. (Doc. #59, PAGEID 302-03, citing *Haines v. Kerner*, 404 U.S. 519 (1972)). He also claims, for the first time, that counsel performed deficiently by failing to file a notice of appeal and, if counsel thought any appeal would be frivolous, to file an *Anders* brief. (*Id*. at PAGEID 304, citing *Flores-Ortega*, 528 U.S. 470; *Anders v. California*, 386 U.S. 738 (1967)).

Plaintiff/Respondent United States of America ("Government") did not respond to either the Initial or Supplemental Objections. The matter is now ripe for decision.

## II. Legal Standards

As "a prisoner petition challenging the conditions of confinement[,]" the Motion was referred to the Magistrate Judge pursuant to Federal Rule of Civil

5

Procedure 72(b), under which the Magistrate Judge "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

Analogous to petitions for writs of *habeas corpus* seeking release from state court judgments under 28 U.S.C. § 2254, 28 U.S.C. § 2255 allows a federal prisoner to seek relief from a federal conviction that was obtained in violation of the movant's constitutional or federal rights. 28 U.S.C. § 2255(a). "A [one]-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In this instance, the statute of limitations began to run on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals[.]." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). "In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the Government's notice of appeal." FED.R.APP.P. 4(b)(1)(A). The statute

6

of limitations is subject to equitable tolling, the propriety of which "must

necessarily be determined on a case-by-case basis[,]" but which "should be

granted sparingly." *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)

(internal quotation marks and citations omitted). The Sixth Circuit has set forth

five factors in evaluating the appropriateness of equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement;
>
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;
>
> (4) absence of prejudice to the respondent; and
>
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*.

Even if a motion is timely, a movant's burden to prevail on the merits is

significant: "To warrant relief under section 2255, a petitioner must demonstrate

the existence of an error of constitutional magnitude which had a substantial and

injurious effect or influence on the guilty plea. Relief is warranted only where a

petitioner has shown 'a fundamental defect which inherently results in a complete

miscarriage of justice.'" *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.

2003), quoting *Davis v. United States*, 417 U.S. 333, 346 (1974); citing *Brecht v.

Abrahamson*, 507 U.S. 619, 637 (1993)).

7

### III. Analysis

#### A. Defendant's Motion is Barred by the Statute of Limitations

The Magistrate Judge concluded that the Motion is barred by the statute of limitations because it was filed more than one year after his conviction became final. (Doc. #54, PAGEID 290-91, citing 28 U.S.C. § 2255(f)(1)). In both the Initial and Supplemental Objections, Defendant argues that he was unaware of the limitation period and that, in essence, the Court must equitably toll the statute to fulfill its obligation to treat *pro se* litigants more leniently than those represented by counsel. (Doc .#56, PAGEID 292-93; Doc. #59, PAGEID 302-03). However, the existence of the statute of limitations alone puts a defendant on constructive, if not actual, knowledge of the limitation period, and Defendant's ignorance thereof cannot be the basis for equitable tolling. *Yukins*, 366 F.3d at 403. Moreover, there is no evidence that Defendant made any effort to protect his right to file a motion to vacate in the more than nineteen months between his conviction becoming final and his Motion being filed. Consequently, the *Solomon* factors do not weigh in favor of equitably tolling the statute of limitations, and the Motion must be dismissed as time-barred.

#### B. Defendant's Claim is Meritless

Even if the Motion had been timely, however, Defendant still has failed to state a viable claim for relief. A claim of ineffective assistance of counsel in the federal plea agreement context follows the well-settled two-prong test of deficient

performance and prejudice therefrom.  *Strickland*, 466 U.S. at 690-92.  To

establish prejudice with respect to deficient performance in connection to a plea

negotiation, Defendant must "show that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  In the Motion,

Defendant claims that counsel abandoned him after the Plea Agreement was

executed "and refused to assist with his post-conviction assistance."  (Doc. #51,

PAGEID 270, citing *Flores-Ortega*, 528 U.S. 470).  However, there is no

constitutional right to postconviction representation, "because the claims address

collateral matters and not the underlying . . . conviction giving rise to the prisoner's

incarceration."  *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).  Thus, even if

counsel abandoned Defendant in the postconviction period, that abandonment

would not be a basis for sustaining the Motion.  To the extent that "post-

conviction assistance" means a direct appeal, there is no indication that he ever

asked her to file an appeal, much less explain what his basis for appeal would have

been.  As Defendant has shown neither deficient performance nor prejudice with

respect to counsel's post-conviction practice, *Flores-Ortega* cannot be the basis for

relief.

Defendant also alleges that counsel was deficient in failing to move to

dismiss Count One of the Complaint because the Frito-Lay products were delivered

in interstate commerce to the Dollar General store in question on March 1, 2021,

but Defendant did not rob the store until March 7, 2021; thus, Defendant argues, the charge of Hobbs Act robbery against him was legally baseless, because he did not affect interstate commerce when he robbed the Dollar General store. (Doc. #51, PAGEID 272-73, citing 18 U.S.C. § 1951(a); Doc. #1, PAGEID 5-6, ¶¶ 10-11). Defendant's argument is belied by the Statement of Facts that he signed; therein, Defendant conceded that Dollar General's participation in interstate commerce was not limited to the delivery of Frito-Lay products and stated generally that "Dollar General engaged in interstate commerce and was an industry which affects interstate commerce." (Doc. #26, PAGEID 79). Defendant also argues that moving to dismiss Count Two was warranted because Hobbs Act robbery is no longer a categorical crime of violence under ACCA. (Doc. #51, PAGEID 274, citing 18 U.S.C. § 924(c)). Yet, even post-*Johnson II*, the Sixth Circuit has held "that completed Hobbs Act robbery counts as a crime of violence under § 924(c)[.]" *United States v. Clancy*, 979 F.3d 1135, 1140 (6th Cir. 2020), citing *Gooch*, 850 F.3d at 291-92. As both contentions are legally unfounded, it could not have been deficient performance for counsel not to move to dismiss the Complaint.

Defendant's final argument appears to be that he would have likely rejected the Plea Agreement and gone to trial, because he would have been facing a maximum sixty-month prison sentence, rather than the 100 months of incarceration to which he was sentenced. (Doc. #51, PAGEID 283). Yet, the

Court was required to impose a sentence of at least eighty-four months for

Defendant's violation of 18 U.S.C. § 924(c), which was required to be served

consecutively to his sentence for Hobbs Act robbery. (Doc. #49, PAGEID 247-48;

*see also* 18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added) (a person who "uses or

carries a firearm, or who, in furtherance of any such crime, possesses a firearm,

shall, *in addition to the punishment provided for such crime of violence* or drug

trafficking crime, if the firearm is brandished, be sentenced to a term of

imprisonment of not less than 7 years[.]")). As Defendant could not have been

sentenced to sixty months imprisonment, he has not shown that it is reasonably

likely that he would have gone to trial but for counsel's purportedly deficient

performance. In sum, Defendant cannot show prejudice and has no viable

*Strickland* claim. Thus, even if Defendant's Motion were timely, it would be

overruled as meritless.

## IV.    Conclusion

In light of the above, the Court ADOPTS the Initial (Doc. 54) and

Supplemental (Doc. #58) Report and Recommendations and OVERRULES

Petitioner's Objections thereto (Docs. #56, 59). The Motion (Doc. #51) is

DISMISSED WITH PREJUDICE. Judgment shall enter in favor of the Respondent

Warden and against Petitioner. Because Petitioner has not "made a substantial

showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), and the

result reached herein would not be debatable among reasonable jurists, the Court

11

does not grant him a certificate of appealability. The Court further certifies that any appeal to the Sixth Circuit would not be taken in good faith, and Petitioner should not be permitted to proceed on appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

September 19, 2024

12